# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| MAURICE LOWERY, JR, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHARLOTTE, <br><br> Defendant. | Case No. 3:14-CV-00113-GCM |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26 of the federal Rules of Civil Procedure, and with the consent of the parties, IT IS HEREBY ORDERED as follows:

1. During the course of discovery, a party may in good faith designate or otherwise identify any document, testimony, or other information with respect to which an issue as to confidentiality exists as "Confidential Information" (or as "Confidential"), provided that the party has a good faith belief that the material so designated falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order. Labeling "Confidential" on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the designating party. Within ten (10) days of receiving a deposition transcript, any party may designate any or all portions of any deposition transcript as "Confidential" by written notice on the opposing party identifying the pages or lines that are to be afforded "Confidential" treatment. During the 10-day period following receipt of any deposition transcript, the entire transcript shall be treated as if it has been designated "Confidential." Alternatively, a party may in good faith designate any part of a deposition as

"Confidential" by stating on the record during the deposition that part of the deposition should be so treated. The term "document" as used throughout this Order includes any deposition transcript.

2. All parties and individuals to whom disclosures are made under Paragraph 4 of this Order shall maintain the confidentiality of the document or other information designated as Confidential Information. Except as otherwise agreed to by all parties or further ordered by the Court, Confidential Information shall be used solely for purposes of this litigation and may be disclosed only to the Court; the parties to this action; the attorneys for the respective parties in this action and their respective associates, clerks, legal assistants and employees; experts with whom the parties or their attorneys may consult; any individual whose deposition may be taken in this action and to whom dissemination of the Confidential Information is necessary; or any individual who is or might be a witness in this action to whom dissemination of the Confidential Information is necessary in preparation for trial.

3. The production by any party of any "Confidential" documents during this Action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential," and such party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for the producing party may thereafter designate the documents as "Confidential." However, no party shall be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation.

4. Before any Confidential Information gained through the discovery process may be disclosed to an expert, an individual whose deposition is taken, or any individual who is or might be a witness in this action, or any other individual not on the attorney's staff, there shall be

obtained a written undertaking from that expert or individual to abide by the terms of this Order. Said undertaking may be satisfied by having the individual acknowledge in writing at the foot of a copy of this Order that such person has read and understands the provisions of this Order and understands that he or she is bound by the terms of this Order and may be sanctioned for violating the same.

5. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply at any time during or after the litigation to the Court for a ruling that a document or category of documents stamped as "Confidential" or as "Confidential Information" is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given reasonable notice of the application and an opportunity to respond. In the event such application is made with respect to a document or category of documents, the burden of proof in establishing that the document or category of documents is entitled to protection shall be on the party or other person asserting that the document is confidential information or is otherwise entitled to protection, and the fact the parties entered into this Consent Order in order to facilitate discovery, shall not serve as a factor or in any way be considered by the Court in determining whether a particular document or class of documents is entitled to protection under Rule 26.

6. At the conclusion of this proceeding, including all appeals, and except as may be otherwise ordered by the Court, all Confidential Information not in the custody of the Court and any copies of such Confidential Information shall be destroyed, returned to the parties from whence it came, or retained only by the attorneys appearing in this action and shall be segregated from other information and used for no purposes other than to preserve a record of this litigation.

7. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

8. The ultimate disposition of materials protected under this Order is subject to a final Order of the Court on the completion of litigation.

9. Nothing contained in this Protective Order shall limit, expand, or otherwise affect the rights, obligations, or liabilities of any party concerning any information or document that such party has obtained, relinquished, or lost through means other than the discovery in this case referenced herein. For the purposes of the substantive claims in this litigation, nothing in this Protective Order shall be used to define or determine whether any document or information constitutes a trade secret or confidential information, or is otherwise a protected asset.

10. During the pendency of this Order, the parties agree to fully abide by the terms of this Order as if it had been executed by the Court, and submit themselves to the jurisdiction of the Court for purposes of enforcement of the Order. Any Confidential Information produced by any party during the pendency of this Order shall receive full protection under this Order at all times, as if it had been produced following the execution of this Order by the Court.

SO ORDERED.

Signed: December 8, 2014

Graham C. Mullen
United States District Judge

WE CONSENT:

        /s/ C. Grainger Pierce, Jr.
        C. Grainger Pierce, Jr., N.C. State Bar No. 27305
        Attorney for Defendant
        Nexsen Pruet, PLLC
        227 West Trade Street, Suite 1550
        Charlotte, NC 28202
        Telephone: (704) 339-0304
        Fax: (704) 805-4712
        E-mail: gpierce@nexsenpruet.com


        /s/ Kirk J. Angel
        Kirk J. Angel, N.C. State Bar No. 33559
        Attorney for Plaintiff
        The Angel Law Firm, PLLC
        PO Box 1296
        Concord, NC  28026
        Telephone: (704) 262-6903
        Fax: (704) 973-7859
        E-mail: kirk@theangellawfirm.com